IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| NIDIA HESTON, *Natural Mother, Legal Parent and Next Friend of Attorney-in-Fact of A.H.*, | § § § | |
| Plaintiffs, | § § | |
| v. | § | 1:21-CV-35-RP |
| | § | |
| AUSTIN INDEPENDENT SCHOOL DISTRICT and JENNIFER HARDISON, | § § § | |
| Defendants. | § § | |

## **ORDER**

Before the Court is Defendant Austin Independent School District's ("AISD") motion for protection and extension of discovery and dispositive motions. (Dkt. 57). Plaintiffs have filed a response in opposition. (Resp., Dkt. 58).

AISD has filed a motion to dismiss Plaintiffs' first amended complaint that is still pending with this Court. (Dkt. 40). The discovery deadline in this case is July 24, 2024, and dispositive motions are due by September 19, 2024. (Scheduling Order, Dkt. 37). On June 13, 2024, Plaintiffs served written discovery requests on AISD and have requested depositions of three AISD employees before the discovery deadline. (Mot., Dkt. 57). AISD seeks protection from these discovery requests until after the Court has ruled on its motion to dismiss. AISD proposes extending the discovery and dispositive motions deadline until after the Court rules on AISD's motion to dismiss. (*Id.*).

Under Rule 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). To show "good cause" under Rule 26, the party seeking a stay of discovery must "show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as

distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)). The Court has broad discretion in determining whether to grant a motion for a protective order or stay of discovery. *Landry v. Air Line Pilots Ass'n Int'l AFL–CIO*, 901 F.2d 404, 436 (5th Cir. 1990).

The Court does not find good cause here. AISD argues that it "should not be put to the expense and distraction of discovery if there is a possibility the lawsuit will be dismissed for failure to state a claim." (Mot., Dkt. 57). But "a motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)). "While, in theory, a court may find good cause to stay discovery when there is a pending 12(b)(6) motion, in practice such stays are very rare, and almost never wise." *YETI Coolers, LLC v. Magnum Solace, LLC*, No. 1:16-CV-663-RP, 2016 WL 10571903, at *1 (W.D. Tex. Oct. 19, 2016). As one district judge has noted, "[h]ad the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990). Here, AISD has not provided any details as to why the discovery that Plaintiffs seek is so unduly burdensome or expensive that it should be stayed while AISD's motion to dismiss is pending. Therefore, the Court finds no reason to justify a rare departure from this Court's usual reluctance to grant such a stay under these circumstances.

Accordingly, the Court **DENIES** AISD's motion for protection and extension of discovery and dispositive motions, (Dkt. 57).

**SIGNED** on July 1, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE